IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **RYAN LITTLE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:22-cv-00575-PWG |
| | * | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Ryan Little filed suit against Experian Information Solutions, Inc.[1] ("Experian") for alleged criminal and civil violations. Am. Compl., ECF No. 11. Mr. Little originally brought the suit against Experian in the Circuit Court for Montgomery County on January 10, 2022, and Experian removed it to this Court on March 9, 2022. Compl., ECF No. 3; Not. Removal, ECF No. 1. Pursuant to this Court's Letter Order, Experian requested permission to file a motion to dismiss Mr. Little's Complaint. Pre-Motion Ltr., ECF No. 7. I gave Mr. Little the opportunity to amend his complaint and allowed Experian to move for dismissal if the amended complaint was still deficient. LO, ECF No. 8. Mr. Little filed an amended complaint, and Experian moved to dismiss. Am. Compl.; Mot., ECF No. 14. Despite filing multiple other documents with the Court, Mr. Little did not file a response to Experian's Motion to Dismiss, and the time to do so

---

[1] Although Mr. Little appears to include other defendants such as Experian's "CEO, all agents, officers, and subsidiaries etc." in his complaint, Experian asserts that none of these individuals have been served, and not all of them even exist. *See* Am. Compl., ECF No. 11; Mot. 1 n.1, ECF No. 14.

has now passed. *See* LO, ECF No. 8; Second Correspondence from Ryan Little Regarding Production of Documents, ECF No. 17; Third Correspondence from Ryan Little Regarding Production of Documents, ECF No. 18; Notice of Default Exhibit B by Ryan Little, ECF No. 20.

I have reviewed the filings[2] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Experian's Motion to Dismiss (ECF No. 14) is GRANTED, and Mr. Little's Amended Complaint (ECF No. 11) shall be DISMISSED with prejudice.

## BACKGROUND

For purposes of considering a motion to dismiss, this Court accepts the facts Mr. Little alleges in his Amended Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). The facts alleged here are sparse. Mr. Little states that in the course of reviewing his consumer report, he "found varies [sic] inaccuracies that needed correction." Am. Compl. 3. He then sent Experian an "affidavit of Debt Validation" and a "Cease and Desist and Affidavit of Truth" on October 12, 2021 and October 28, 2021, respectively, but Experian "was unable to respond correctly giving evidence supporting validation, investigation, and account of alleged debts." *Id.* According to Mr. Little, Experian continued to report inaccurate information about his debts, "which resulted in immediate damage of [his] reputation which is a violation of the FDCPA, [his] rights, and redeemable for coverage under title 15 USC 1692 (k)." *Id.* Mr. Little further claims that the inaccurate reports "resulted in many embarrassing denials of being able to extend credit to institutes by way of acquisition of denial." *Id.* Mr. Little followed up with Experian two more times, first by sending an "Affidavit of Fault and Opportunity to Cure" on November 15, 2021, to which Experian did not respond, and second by sending an "Affidavit of Fault, Notice of Fee

---

[2]   Mot., ECF No. 14. Mr. Little has not filed a response, and the time to do so has passed. *See* LO 1, directing Mr. Little to file a response on or before May 30, 2022.

2

Schedule/Invoice" on December 14, 2021, demanding that Experian remove the referenced "accounts of inaccuracies from the consumer report." *Id.* Finally, on December 23, 2021, Mr. Little claims Experian was informed that it was in violation of section 605 of the FCRA, but Experian did not correctly respond to this notice. *Id.* at 4. Mr. Little states that he also filed two complaints with the Consumer Financial Protection Bureau and the Federal Trade Commission, first in July 2021 and again in October 2021. *Id.*

Mr. Little subsequently filed suit against Experian, alleging that Experian violated the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 242, [3] contract law, the "Fair Banking Practices Act," and section 605 of the Fair Credit Reporting Act ("FCRA"). *Id.* at 2-4. Mr. Little requests compensation of $48,000 and "[r]emoval of all reportings on the consumer report related to all accounts applied to the claim, and all inaccurate and negative reporting to all agencies." *Id.* at 4.

Experian filed a Motion to Dismiss, asserting that under Federal Rule of Civil Procedure 12(b)(6), Mr. Little fails to state a claim for each count. Mot. 1. First, Experian argues that Mr. Little cannot state a claim under the FDCPA because Experian is a credit reporting agency and not a debt collector. *Id.* at 4-5. Second, 18 U.S.C. § 242 is a criminal statute with no private right of action. *Id.* at 5-6. Third, allegations of contractual obligations should fail because Mr. Little has not alleged any facts to show that Experian had a contract with Mr. Little. *Id.* at 6. Fourth, the "Fair Banking Practices Act" does not exist, and regardless, Experian is not a bank. *Id.* at 6-7. Finally, Experian argues that Mr. Little did not allege which subsection of section 605 of the FCRA he is suing under, and he did not allege sufficient facts in support of his claim. *Id.* at 7.

---

[3]   I will adopt Experian's presumption that this is what Mr. Little intended when he wrote "USC 18" in his Amended Complaint because Mr. Little referenced 18 U.S.C. § 242 in his original complaint. Mot. 5-6.

Mr. Little did not file a response.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

The Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019). In particular, the pleadings of *pro se* litigants are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court, however, cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't*

4

*of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Additionally, the Court's obligation to liberally construe *pro se* litigants' claims "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (citations omitted).

## DISCUSSION

Viewing the facts and drawing all reasonable inferences in the light most favorable to Mr. Little, it seems he is attempting to assert five claims in his Amended Complaint: (1) a claim under the FDCPA, (2) a claim under 18 U.S.C. § 242, (3) a contract claim, (4) a claim under the "Fair Banking Practices Act," and (5) a claim under FCRA section 605. Am. Compl. 3-4.

**I.     Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)**

**A.     FDCPA Claim**

Mr. Little alleges that Experian violated the FDCPA, 15 U.S.C. § 1692, when Experian reported "inaccuracies" about his debt, which damaged his reputation. Am. Compl. 3. To successfully bring a claim under the FDCPA, a plaintiff must show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (citations omitted). Mr. Little has not alleged facts to support any of these elements. He has not alleged that Experian tried collecting any debt, and critically, he has not explained how this statute even applies to Experian, which is a credit reporting agency, not a debt collector. *White v. Experian Consumer Fraud Assistance*, No. 1:16-CV-49, 2016 WL 8919459, *2 (N.D.W. Va. Aug. 15, 2016), *aff'd*, 671 F. App'x 878 (4th Cir. 2016). Further, Mr. Little has not set forth any specific act or omission committed by Experian that is prohibited by the FDCPA. Therefore, since Mr. Little has not plausibly alleged a claim under the FDCPA, his claim shall be dismissed with prejudice.

B.     **18 U.S.C. § 242 Claim**

Mr. Little seemingly[4] alleges that Experian violated 18 U.S.C. § 242 "by way of deprivation of rights under color of law." Compl. 1; Am. Compl. 2. If Mr. Little is indeed attempting to bring a claim under 18 U.S.C. § 242, the claim fails because 18 U.S.C. § 242 is a criminal statute with no private right of action. *See Olekanma v. Wolfe*, No. CV DKC 15-0984, 2017 WL 784121, at *4 (D. Md. Mar. 1, 2017) (finding that 18 U.S.C. § 242 does "not provide a private right of action"); *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, No. CV ELH-20-0423, 2021 WL 4772918, at *20 (D. Md. Oct. 13, 2021) (holding that 18 U.S.C. §§ 241, 242 "are criminal statutes that do not provide for a private right of action"). Therefore, Mr. Little's presumed 18 U.S.C. § 242 claim must fail, and his claim shall be dismissed with prejudice.

C.     **"Fair Banking Practices Act" Claim**

Next, Mr. Little seemingly alleges that Experian violated the "Fair Banking Practices Act" through "inaccurate reportings." Am. Compl. 3. This claim must fail because this statute does not exist in the United States. Further, as mentioned above, Experian is a credit reporting agency, not a bank, so the theoretical statute would not apply to Experian. Therefore, the "Fair Banking Practices Act" claim fails for failure to state a claim, and this claim shall be dismissed with prejudice.

D.     **Breach of Contract Claim**

Construed liberally, Mr. Little further alleges that Experian is in breach of a contract as Experian "violated [Mr. Little's] rights and contract law by failure to respond to Affidavit of Fault and Opportunity to Cure." *Id.* at 3. Further, Mr. Little alleges that Experian failed to respond to his "Affidavit of Fault, Notice of Fee Schedule/Invoice." *Id.* However, "[i]n order to plead a claim

---

[4]     *See supra* note 3.

for breach of contract, a plaintiff 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by [the] defendant.'" *C&R Caulking, LLC v. Bank of Am., N.A.*, No. CV JKB-21-0499, 2021 WL 2661875, at *5 (D. Md. June 29, 2021) (quoting *RRC Ne., LLC v. BAA Md, Inc.*, 994 A.2d 430, 440 (Md. 2010) (emphasis in original) (internal quotation marks and citation omitted)). Here, Mr. Little has not alleged any facts in support of a contractual obligation Experian may have to respond to his various affidavits and notices. Consequently, Mr. Little cannot allege that Experian breached an obligation that did not exist. Because Mr. Little has not alleged any contractual obligation sufficiently plausible to survive the motion to dismiss, this claim is dismissed with prejudice.

### E. FCRA Claim

Lastly, Mr. Little alleges a claim under section 605 of the FCRA[5] because "[o]n December 23, 2021 the defendant was made known they were in violation of section 605 of the FCRA and failed to respond correctly." Am. Compl. 4. Section 605 of the FCRA has several subsections, and Mr. Little did not specify which subsection Experian allegedly violated. *See id.*; 15 U.S.C. § 1681c. Construing Mr. Little's allegations and sparse facts very generously, it is still not apparent which subsection he alleges Experian violated.[6] Regardless, he does not allege enough facts to survive a motion to dismiss on any of the subsections.

---

[5] The FCRA provides for civil liability for willful or negligent noncompliance with the requirements imposed under its subchapters. *See* 15 U.S.C. §§ 1681n ("Civil liability for willful noncompliance), 1681o ("Civil liability for negligent noncompliance").

[6] Further, considering sections 605A, 605B, and 605C of the FCRA still does not help Mr. Little. These sections do not appear relevant because they cover identity theft, fraud alerts, and trafficking. *See id.* at §§ 1681c-1 – 1681c-3.

7

Subsection (a) of section 605 details the type of information that must be excluded from consumer reports, including cases under Title 11 or the Bankruptcy Act that are over ten years old, civil suits, civil judgments, and records of arrest more than seven years old, paid tax liens, accounts placed for collection, and any other adverse information more than seven years old, contact information of any medical information furnisher, and information relating to veterans' medical debt. 15 U.S.C. § 1681c(a). In his Amended Complaint, Mr. Little does not allege that Experian has included any of this prohibited information in his consumer report. Therefore, he does not state a claim under subsection (a).

Subsections (b) through (e) are not relevant to Mr. Little's allegations. Subsection (b) details exceptions to subsection (a). *Id.* at § 1681c(b). Subsection (c) explains how a seven-year running period is calculated. *Id.* at § 1681c(c). Subsection (d) describes information that is required to be disclosed. *Id.* at § 1681c(d). Subsection (e) requires consumer reporting agencies to indicate on a report when a consumer voluntarily closes an account. *Id.* at § 1681c(e). Therefore, Mr. Little does not state a plausible claim under subsections (b)-(e) of Section 605 of the FCRA.

Subsection (f) states that if a consumer reporting agency is notified pursuant to section 1681s-2(a)(3) that a customer disputes certain information, the agency must indicate this dispute in its consumer reports. *Id.* at § 1681c(f). Section 1681s-2(a)(3) requires that "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." Out of all the subsections in section 605, this subsection appears to be the only one potentially relevant to Mr. Little's claims about the inaccurate reporting of his debts. However, it appears that Mr. Little disputed information in Experian's reports directly to Experian, instead of with the person

or entity who provided such information to Experian. *See id.* at § 1681s-2(a)(3). Additionally, it appears that Mr. Little requested that Experian remove the disputed information and accounts, not merely indicate on the report that there was a dispute. Am. Compl. 3-4. Mr. Little fails to meet the requirements of section 1681s-2(a)(3) and thus fails to state a claim under subsection (f) of section 605 of the FCRA.

As noted above, Mr. Little submitted multiple filings after Experian filed its Motion to Dismiss, but none of these filings appeared to be a response to Experian's Motion. *See* Second Correspondence from Ryan Little Regarding Production of Documents; Third Correspondence from Ryan Little Regarding Production of Documents; Notice of Default Exhibit B by Ryan Little. In general, courts can only consider facts and causes of action alleged in the operative pleadings. *See Jackson v. Warning*, No. 15-1233, 2016 WL 520947, at *1 n.3 (D. Md. Feb. 5, 2016) (explaining that while the court drew on facts from additional filings to fill information lacking in the *pro se* plaintiff's complaint, "these additional filings are not deemed to be 'well-pleaded allegations' by Plaintiff for the purposes of overcoming a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."); *Butler v. Citizens Bank, N.A.*, No. 17-3417, 2018 WL 2840413, at *4 n.4 (D. Md. June 11, 2018)(granting defendant's motion to dismiss *pro se* plaintiff's complaint and noting "[g]enerally, a court's consideration of a motion to dismiss is limited to the facts alleged in the operative pleadings and courts 'may not consider any documents that are outside of the complaint, or not expressly incorporated therein.'") (quoting *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013)). Nevertheless, even considering Mr. Little's numerous filings, he still does not allege enough facts for a plausible claim under any of

the subsections of section 605 of the FCRA, as detailed above, or under any other statute.[7] *See McCray v. Equifax Consumer Servs., LLC*, No. 18-0994, 2018 WL 4634195, at *2 (D. Md. Sept. 27, 2018) (stating that while a plaintiff cannot introduce new facts in a response to a motion to dismiss, even if the court did consider those facts in that case, the plaintiff still did not allege a plausible claim for relief).

## CONCLUSION

"A district court may dismiss a complaint with prejudice when 'it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiff[']s[] theory of liability.'" *Brown v. U.S. Dep't of Just.*, No. CV PJM 16-3541, 2017 WL 3149796, at *5 (D. Md. July 25, 2017),

---

[7] In the Second Correspondence from Ryan Little Re Production of Documents filing, Mr. Little alleges new violations of the following statutes: 15 U.S.C. § 1679(b)(3); 15 U.S.C. § 1681(a)(4); 15 U.S.C. § 1681(b); 15 U.S.C. § 1681(e); 15 U.S.C. § 1692(d); 15 U.S.C. § 1692(g); 15 U.S.C. § 1692(k); and 15 U.S.C. § 1692(l). As noted, courts typically do not consider additional facts and allegations outside of the complaint. Even considering the facts and additional statutes alleged in this Second Correspondence, Mr. Little still does not allege enough facts to state a plausible claim to survive a motion to dismiss.

15 U.S.C. § 1692(d); 15 U.S.C. § 1692(g);15 U.S.C. § 1692(k); and 15 U.S.C. § 1692(l) are all in relation to fair debt collection practices. As stated above, Experian is not a debt collector, so these statutes do not apply.

15 U.S.C. § 1679(b)(3) details prohibited practices for credit repair agencies, so this statute does not appear to be applicable to Experian.

15 U.S.C. § 1681(a)(4) is part of the definitions section, and it defines an identity theft report. This is not a cause of action.

15 U.S.C. § 1681(b) describes the conditions for furnishing and using consumer reports for employment purposes. This section relates to when a consumer reporting agency may give a potential employer a consumer's report. Mr. Little has not alleged any facts in his Amended Complaint or his extra filings to support an allegation that Experian gave a potential employer a consumer report without his consent.

Lastly, 15 U.S.C. § 1681(e) instructs consumer reporting agencies to maintain "reasonable procedures" to avoid violations and ensure "maximum possible accuracy" for the information in the reports. Although Mr. Little alleges that his report contains inaccurate information, he has not alleged that Experian failed to implement reasonable procedures to ensure the accuracy of consumer information.

In sum, assuming a court could consider the additional filings of a *pro se* plaintiff, Mr. Little does not state any claims in his additional filings, and his Amended Complaint is properly dismissed.

*aff'd as modified sub nom. Brown v. United States Dep't of Just.*, 710 F. App'x 130 (4th Cir. 2018) (quoting *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). Mr. Little has already had the opportunity to amend his complaint to address the numerous deficiencies outlined in Experian's pre-motion letter, and, as detailed above, he has been unable to successfully do so. *See* Pre-Motion Ltr.; LO 1. Therefore, for the reasons identified in this Memorandum Opinion, Experian's Motion to Dismiss is GRANTED, and Mr. Little's Amended Complaint is DISMISSED WITH PREJUDICE.

**ORDER**

For the reasons stated in this Memorandum and Order, it is this 6th day of December, 2022, hereby ORDERED that:

1. Experian's Motion to Dismiss, ECF No. 14, is GRANTED.

2. Mr. Little's Amended Complaint, ECF No. 11, is DISMISSED WITH PREJUDICE.

Date: December 6, 2022

_____/S/_____
Paul W. Grimm
United States District Judge